**Gohar Ter GRIGORYAN, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–70647.

Agency No. A75–738–207.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 16, 2005.

Gohar Ter Grigoryan, Glendale, CA, pro se.

CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Linda S. Wendtland, Jeffrey M. Olson, Washington, DC, for Respondent.

Before PREGERSON, CANBY and THOMAS, Circuit Judges.

### MEMORANDUM\*\*\*

Gohar Ter Grigoryan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") decision, which affirmed the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir.2003), and we deny this petition for review.

■ Even assuming that Grigoryan testified credibly, we conclude that substantial evidence supports the IJ's conclusion that Grigoryan failed to establish a nexus

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to a protected ground. *See Dinu v. Ash-croft,* 372 F.3d 1041, 1044–45 (9th Cir. 2004); *Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001).

■ Because Grigoryan did not establish that she was eligible for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the conclusion that Grigoryan failed to establish eligibility for CAT relief. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**